THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Louis P.
 Batson, Jr., Respondent,
 
 
 

v.

 
 
 
 Northside
 Traders, LLC, Appellant.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No.  2011-UP-346  
 Submitted March 1, 2011  Filed June 29,
2011

AFFIRMED

 
 
 
 Douglas A. Churdar, of Greenville, for
 Appellant.
 Calvin Theodore Vick, Jr., of Greenville,
 for Respondent.
 
 
 

PER CURIAM:  Northside
 Traders, LLC appeals the order of the trial court declaring an easement in
 favor of Louis P. Batson, Jr. was valid and enforceable.  We affirm.[1]
FACTS/PROCEDURAL HISTORY
Batson was an adjoining
 landowner with Charles and Anne Bell.  He owned the property known as Lot 4
 while the Bells owned Lots 1, 2, and 3, as well as a strip of land located
 between Lot 3 and Dogwood Trail, a private drive.  On July 21, 1965, the Bells
 granted Batson an express easement across their property to his adjoining
 property (the Instrument).  The Instrument granted Batson:

 A
 right-of-way twenty (20) feet in width, for the purpose of ingress and egress,
 leading from the rear portion of Lot 4 . . . across the rear portions of Lots 3
 and 2, and then in a Southeasterly direction through Lot 1, and through a strip
 of land described in a deed from Aleene L. Parham to Charles W. Bell and Anne
 W. Bell . . . into Dogwood Drive [also known as Dogwood Trail]. 
 The
 aforementioned right-of-way shall be in such specific location (not
 inconsistent with the above general location) as shall least interfere with the
 use and development of said lots by the grantors, and at the election of the
 grantors, the use of said right-of-way by the grantee shall be in common with
 the grantors.  

At the time of the execution
 of the Instrument, Dogwood Trail was a private road and remains that way
 today.  The former owners of Dogwood Trail and the property east of the Bells'
 property had transferred the road to Greenville County in 1952.  The County,
 however, transferred the road back to then-owners C.E. Singleton and Julia
 Belle Singleton in 1954.  Doril L. Howell is the current owner of the property
 and has not granted Batson the right to use the road.  Batson has yet to
 construct a roadway pursuant to the Instrument.  
Tad Mallory purchased the
 Bells' property on September 8, 2005.  He subsequently transferred the property
 to Northside Traders, LLC, of which he is the managing member.  Soon after
 Mallory acquired the property, Batson contacted him about reaching an agreement
 as to the specific location of the easement.  Mallory did not deny being aware
 of the easement.   Instead, he stated he believed it was not enforceable and
 was void.  
Batson brought this action
 seeking a declaration he has a valid and enforceable easement terminating at
 View Point Drive.  He also requested an injunction prohibiting Northside from
 interfering with his right to construct a road terminating at View Point Drive.  
The parties filed
 cross-motions for summary judgment.  The trial court held, "[i]t is clear
 that the grantors' intent was to give Batson, his heirs and assigns a
 right-of-way through the grantor's property that ultimately terminated at View
 Point Drive.  The Instrument evidences this intent, and the grantors
 incorporated sufficient flexibility into the Instrument to allow the
 right-of-way to continue south through Lot 1 into View Point Drive." 
 Thus, the trial court declared the easement valid and enforceable and ruled
 Batson, his heirs and assigns could install and enjoy the right of way in the
 general location described in the Instrument, with such right-of-way
 terminating at View Point Drive.  This appeal followed.  
LAW/ANALYSIS
Northside argues that the
 easement was void ab initio or is extinguished.  It asserts the purpose
 of the easement was to provide ingress and egress into Dogwood Trail and
 because Batson did not have the right to use Dogwood Trail, the easement could
 never be used.  We disagree with this interpretation of the Instrument creating
 the easement.  
"A grant of an easement
 is to be construed in accordance with the rules applied to deeds and other
 written instruments."  K & A Acquisition Group, LLC v. Island
 Pointe, LLC, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009) (internal
 quotation omitted).  In construing a deed, "the intention of the grantor
 must be ascertained and effectuated, unless that intention contravenes some
 well settled rule of law or public policy."  Id.(internal quotation
 omitted.)  "In determining the grantor's intent, the deed must be
 construed as a whole and effect given to every part if it can be done
 consistently with the law."  Id.(internal quotation omitted) 
Reading the Instrument as a
 whole, we agree with the trial court the purpose of the Instrument was to give
 Batson an easement through the Bells' property "for the purpose of ingress
 and egress" to his property and not specifically to grant him access "into
 Dogwood Trail."  According to a survey prepared for Mallory, Dogwood Trail
 intersects with View Point Drive slightly to the south of the "strip of
 land."  It leads to no other public road.  As the trial court noted, if
 the purpose of the Instrument was to give Batson ingress and egress into Dogwood
 Drive, there would have been no reason to direct the easement through the "strip
 of land" when the more direct route would have been north of the strip of
 land.  
The Instrument clearly
 provided the specifications given were for a "general location" of
 the easement and provided for flexibility in locating the easement.  The fact
 that Batson had other access to View Point Drive is immaterial as the easement
 is not one by necessity.  We hold the parties intended for Batson to have
 additional access to his property through the Bells' property.  We find the Instrument
 is valid and enforceable.  
Northside also argues the
 trial court erred in relocating the easement to terminate at the public road,
 View Point Drive.  See Sheppard v. Justin Enters., 373 S.C. 518, 521,
 646 S.E.2d 177, 178 (Ct. App. 2007) (stating the location of an easement, once
 selected or fixed, cannot be changed by the owner of the servient estate
 without the express or implied consent of the owner of the dominant estate).  This
 case, however, does not involve the relocation of an existing express
 easement.  Instead, it involves the initial placement of the right-of-way
 pursuant to a grant that provided a "general location" for the
 right-of-way and called for flexibility in the placement.  The trial court's
 order providing for the right-of-way to terminate at View Point Drive
 effectuates the intent of the parties to the Instrument.  We find no error in
 the trial court's ruling.  
Accordingly, the
 order of the trial court is 
AFFIRMED.  
HUFF, SHORT,
 and PIEPER, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.